[968 NYS2d 908]

In the Matter of JACQUELYN TODARO, an Attorney, Resignor.

Second Department, July 31, 2013

**APPEARANCES OF COUNSEL**

*Robert A. Green*, Hauppauge (*Ian P. Barry* of counsel), for Grievance Committee for the Tenth Judicial District.

*Jacquelyn Todaro*, Westbury, resignor pro se.

**OPINION OF THE COURT**

Per Curiam.

Jacquelyn Todaro has submitted an affidavit dated February 28, 2013, wherein she tenders her resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9). Ms. Todaro was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on February 19, 1997.

Ms. Todaro is the subject of one complaint under investigation by the Grievance Committee for the Tenth Judicial District arising from her indictment in the United States District Court for the Southern District of New York, in the matter of *United States v Canino*. On July 11, 2012, Ms. Todaro entered a plea of guilty in that Court before the Honorable Robert P. Patterson, to one count of conspiracy to commit bank fraud and wire fraud, in violation of 18 USC § 1349. She acknowledges that she could not successfully defend herself against any disciplinary charges based upon the foregoing.

Ms. Todaro avers that her resignation is freely and voluntarily tendered, and that she is not being subjected to coercion or duress by anyone. She has discussed this resignation with her counsel, and is fully aware of the implications of submitting her resignation, including the fact that she is barred from applying for reinstatement for a minimum period of seven years.

Ms. Todaro's resignation is submitted subject to any application by the Grievance Committee for an order directing that she make restitution and that she reimburse the Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90 (6-a) (a). She acknowledges the continuing jurisdiction of the Appellate Division, Second Department to make such an order pursuant to Judiciary Law § 90 (6-a) (d), which may be entered as a civil judgment against her. Ms. Todaro specifically waives the opportunity afforded by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee recommends the acceptance of Ms. Todaro's resignation.

Inasmuch as the proffered resignation complies with the requirements of 22 NYCRR 691.9, it is accepted, and effective immediately, Ms. Todaro is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law.

Eng, P.J., Mastro, Rivera, Skelos and Roman, JJ., concur.

Ordered that the resignation of Jacquelyn Todaro is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Jacquelyn Todaro is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Jacquelyn Todaro shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Jacquelyn Todaro is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Jacquelyn Todaro has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and she shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f).